**DOW ELECTRIC, INC., Plaintiff–
Counter–Defendant–Appellee,**

v.

**INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS LO-
CAL UNION NO. 910, Defendant–
Counterclaimant–Appellant.**

**No. 07–2791–cv.**

United States Court of Appeals,
Second Circuit.

July 1, 2008.

Kenneth L. Wagner, Blitman & King LLP, Syracuse, NY, for appellants.

Alan R. Peterman, Hiscock & Barclay LLP, Syracuse, NY, for appellee.

PRESENT: RALPH K. WINTER, ROGER J. MINER, and JOSÉ A. CABRANES, Circuit Judges.

**SUMMARY ORDER**

The Labor–Management Committee of the Northern New York Chapter of the National Electrical Contractors Association ("Labor–Management Committee") awarded defendant-appellant International Brotherhood of Electrical Workers, Local Union No. 910 ("the Union") $63,011.48 based on alleged violations of a 1997—2000 collective bargaining agreement by plain-

tiff-appellee Dow Electric Inc. and a further $991,629.89 based on plaintiff's alleged violations of a 2000—2003 collective bargaining agreement. In a Memorandum and Order dated May 25, 2007, the District Court affirmed the award of $63,011.48 but vacated the award of $991,629.89. *Dow Elec., Inc. v. Int'l Broth. of Elec. Workers, Local Union No. 910,* 500 F.Supp.2d 148 (N.D.N.Y.2007). This appeal by the Union followed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On appeal, the Union contends that the District Court erred in (1) concluding that plaintiff was not bound by the 2000–2003 collective bargaining agreement and (2) vacating the award of $991,629.89 on that basis. As an initial matter, the Union contends that plaintiff failed to provide timely and unequivocal notice of its intention to terminate the bargaining authority it had delegated to the National Electrical Contractors Association (the "Association"). We disagree. The record clearly reveals that plaintiff's letters of July 31, 1998—sent to the Union as well as to plaintiff's local chapter of the Association—clearly stated plaintiff's intention to withdraw from all of its agreements with the Union and the Association, and to terminate the Association's authority to bargain on plaintiff's behalf. Plaintiff's letter to the Union of October 7, 1998—sent after the Union reminded plaintiff that it was bound to its agreements with the Union until these expired on March 31, 2000—retracted only plaintiff's withdrawal from its current agreements with the Union, explicitly leaving intact plaintiff's withdrawal from its agreements with the Association.[1] Both letters were sent well in advance of the November 2, 1999 notifica-

tion deadline established by plaintiff's agreements with the Union. Accordingly, we agree with the District Court's conclusion that plaintiff effectively terminated its delegation of bargaining authority to the Association before the 2000–2003 successor agreement came into effect. *Cf. Trustees of UIU Health and Welfare Fund v. New York Flame Proofing Co.,* 828 F.2d 79, 84 (2d Cir.1987) (noting that a communication from an employer to a union "withdrawing [a multi-employer association's] authority" to bargain on the employer's behalf "would avoid the binding effects of the [multi-employer association's] negotiations").

The Union's claim that the District Court erred in declining to enforce the Labor–Management Committee's award of $991,629.89 is based on the understanding that the Association still possessed actual or apparent authority to act on behalf of plaintiff as of the date that the Association negotiated the 2000—2003 collective bargaining agreement. Because, as set forth above, the record reveals that plaintiff effectively terminated its delegation of bargaining authority to the Association well before the operative date, we conclude that plaintiff was not bound by the 2000—2003 collective bargaining agreement—and, therefore, did not owe the Union any obligations under the 2000–2003 agreement. Accordingly, we reject the Union's argument that the award of $991,629.89 must be enforced.

Having considered all of defendant-appellant's arguments on appeal and found them to be without merit, we AFFIRM the judgment of the District Court.

---

1. Indeed, the record reflects that the Association itself acknowledged that plaintiff's letter

sufficed to terminate plaintiff's agreements with the Association as of August 1, 1998.